## OPINION OF THE JUSTICES.

Supreme Court of Delaware.

Dec. 2, 1980.

---

To His Excellency Pierre S. duPont, Governor of Delaware:

Reference is made to your letter, dated November 19, 1980, requesting the opinions of the Justices of the Supreme Court of Delaware, under 10 *Del.C.* § 141,* upon the following question:

"May I, during the current recess of the Senate, exercise the recess appointment power granted under Article III Section 9 and issue interim Commissions to Messrs. Heath, Moore and Painter as successors to Messrs. Woodward and Tull, and Ms. Schabinger respectively?"

Preliminarily, your letter states:

"Specifically, I would like your guidance concerning the relationship between my power to make recess appointments pursuant to Article III Section 9 of the Delaware Constitution and the 'holdover' provision of Article XV Section 5." **

Also, preliminarily, your letter contains the following factual statement:

"The Environmental Appeals Board ('the Board') is a seven member body

---

* 10 *Del.C.* § 141 provides in part:

"(a) The Justices of the Supreme Court, whenever the Governor of this State may require it for public information, or to enable him to discharge the duties of his office with fidelity, may give him their opinions in writing touching the proper construction of any provision in the Constitution of this State, or of the United States, or the constitutionality of any law enacted by the General Assembly of this State or the constitutionality of any proposed constitutional amendment which shall have been first agreed to by two thirds of all members elected to each house."

** *Del.Const.* Art. III, § 9 provides in pertinent part:

"He [the Governor] shall have power to fill all vacancies that may happen during the recess of the Senate, in offices to which he may appoint, except in the offices of Chancellor, Chief Justice and Associate Judges, by granting Commissions which shall expire at the end of the next session of the Senate."

\* \* \* \* \* \*

*Del.Const.* Art. XV, § 5 provides:

"All public officers shall hold their respective offices until their successors shall be duly qualified, except in cases herein otherwise provided."

created by 7 *Del.C.* § 6007 and empowered to review certain decisions by the Secretary of the Department of Natural Resources and Environmental Control. Members of the Board, other than the Chairman who serves at the pleasure of the Governor, are appointed by the Governor with the advice and consent of the Senate. After expiration of original terms, which were of varying length in order to set up a staggered Board, the ordinary terms are three years in length. Decisions of the Board must be 'signed' by a minimum of five members. 7 *Del.C.* § 6008(d).

"On October 25, 1974 Mr. Ray Woodward, after nomination by Governor Tribbitt and confirmation by the Senate, was issued a Commission for a three year term on the Board beginning September 18, 1974. On October 30, 1975, Mr. Earl B. Tull, after nomination by Governor Tribbitt and confirmation by the Senate, was issued a Commission for a three year term beginning September 18, 1975. On September 29, 1976, Ms. Phyllis Schabinger, after nomination by Governor Tribbitt and confirmation by the Senate, was issued a Commission for a three year term beginning on September 18, 1976.

"On September 21, 1977, upon the expiration of Mr. Woodward's term, I nominated and placed before the Senate for confirmation the name of Harry W. Heath, Jr. to succeed Mr. Woodward. The Senate took no action on this nomination. On January 10, 1979, after the expiration of Mr. Tull's term, I nominated and placed before the Senate Ronald T. Moore to succeed Mr. Tull. On that same date I renominated Harry W. Heath, Jr. to succeed Mr. Woodward whose term had already expired. On June 18, 1980, I nominated Edward C. Painter to succeed Ms. Schabinger, whose term had also expired. No action was taken by the Senate on any of these nominations.

"It is my understanding that Messrs. Woodward and Tull, and Ms. Schabinger, continue to maintain membership on the Board by virtue of the 'holdover' provision of Article XV Section 5. I intend to appoint, on an interim basis, Messrs. Painter, Moore and Heath as their replacements."

\* \* \* \* \* \*

As is recognized in your letter, a similar question was presented to the Justices for an advisory opinion in December 1978, and the Justices' response thereto contained the following:

"* * * we cannot advise on a person's existing claim to office. There are regular legal proceedings available to challenge the right of a person to hold office which, unlike an advisory opinion of the Justices, give the office claimant a full hearing in a binding adversary proceeding."

*Opinion of the Justices*, Del.Supr., 405 A.2d 694, 701 (1979).

We adhere to that position. Manifestly, the question now presented requires determination of the issue of the right to hold public office. If such issue is to be decided, it should be by an adjudication in which the members of the Supreme Court may be called upon, and should be available, to participate in the exercise of their regular constitutional judicial functions. As has been frequently stated, the nature of the advisory function, under 10 *Del.C.* § 141, is non-judicial and does not result in binding precedent. E. g., *In re Opinion of the Justices*, Del.Supr., 320 A.2d 735 (1974); *In re Opinion of the Justices*, Del.Supr., 324 A.2d 211 (1974). Title to public office should not be determined in the performance of such non-judicial function.

We note the view expressed in your letter "* * * that this same legal issue could have been precipitated by the issuance of an interim Commission and initiation of an action in *quo warranto* in Superior Court. The confusion that would develop [by reason of two claimants to each office] during the pendency of such an action militates against that course."

In that connection, please be advised that if *quo warranto* or other proceedings should ensue, by reason of a determination to have

the important constitutional questions here involved adjudicated, we will endeavor to expedite any such proceedings in all Courts under the Supreme Court's supervisory powers, in order that there shall be minimal delay, confusion, or other interference with the functioning of the Environmental Appeals Board, by reason of conflicting claims of the right to office.

Accordingly, for the reasons set forth above, we must respectfully decline to answer the question presented.

The foregoing is the unanimous opinion of the Justices.

Respectfully submitted,

DANIEL L. HERRMANN, Chief Justice

WILLIAM DUFFY, Justice

JOHN J. McNEILLY, Justice

WILLIAM T. QUILLEN, Justice

HENRY R. HORSEY, Justice