459 A.2d 535 (1983)
Inez L. COOK, Plaintiff,
v.
Charles M. OBERLY, III, Attorney General of the State of Delaware, Henry James Decker, Secretary of the Department of Public Safety of the State of Delaware, and Robert J. Voshell, Director of the Division of Motor Vehicles, Defendants.
Court of Chancery of Delaware, New Castle County.
Submitted: March 16, 1983.
Decided: March 31, 1983.
Arlen Mekler (argued) and E. Martin Knepper, Wilmington, for plaintiff.
James J. Hanley, Dept. of Justice, Wilmington, for defendants.
*537 LONGOBARDI, Vice Chancellor.
The Plaintiff, Inez L. Cook, was arrested on February 19, 1983, and charged with driving under the influence of alcohol, a criminal offense under 21 Del.C. § 4177. The arresting officer, pursuant to 21 Del.C. § 2742(e), seized Ms. Cook's license and issued to her a temporary license which was effective for fifteen days. She was informed that section 2742(d) gave her the right to request a hearing before the Division of Motor Vehicles at which she could contest the revocation of her license. Under sections 2742(b) and (c), an individual's license may be revoked following the police officer's certification that there existed *538 probable cause to believe section 4177 had been violated. There was such a certification in this case. However, section 2742(d) specifically provides, "No revocation under § 2742(b) or (c) is effective until the secretary or a police officer or other person ... notifies the person of revocation and allows the person a 15 day period to request ... a hearing as herein provided."
If a hearing is requested, revocation is not effective until the final decision of the hearing officer results in a decision adverse to the license. In other words, the licensee retains his driving privileges until an adverse ruling results from the hearing. If no request for a hearing is filed in writing by the individual within the fifteen day period following seizure of his license, revocation becomes effective immediately thereafter. Section 2744 provides that an adverse decision may be appealed by the licensee to Superior Court although this appeal does not stay revocation of the license.
Ms. Cook did not request a hearing within the fifteen day period. Her license, therefore, will apparently be revoked for a three month period under section 2742(c). The three month suspension is the penalty for the first time offender and is clearly a civil penalty. See Villa v. State, Del.Supr., 456 A.2d 1229, Moore, J. (1983).
Plaintiff seeks an order restraining the Department of Public Safety, the Division of Motor Vehicles and the Attorney General's Office from revoking her license. She also asks for a preliminary injunction prohibiting any further enforcement of 21 Del.C. § 2742. The crux of her claim is that the civil penalty of revocation under section 2742 violates the Fourteenth Amendment guarantee of due process. First, she insists, that revocation based on the arresting officer's certification is unconstitutional. It amounts, in her view, to an immediate deprivation of her right to drive without a prior hearing which, she insists, is violative of due process. Next, Plaintiff claims that it is unconstitutional to require her to retain counsel and pursue a revocation hearing in order to recover a right that cannot be legitimately taken without a pre-revocation hearing. She claims that the State has unconstitutionally shifted the burden of proof upon her. She also claims that her license is initially revoked based on the belief of an interested party, the police officer, and not by an impartial fact finder. Plaintiff contends that the provisions of the civil statute provide for the possibility of revocation even if she ultimately is not convicted under the criminal statute. She contends such action amounts to a denial of due process.
It is clear that if a constitutional construction of a statute is possible, it should be followed. Atlantis I Condominium Ass'n v. Bryson, Del.Supr., 403 A.2d 711, 714 (1979). Moreover, a party challenging a statute as unconstitutional has the burden of rebutting the presumption of constitutionality. Wilmington Med. Ctr., Inc. v. Bradford, Del.Supr., 382 A.2d 1338, 1342 (1978). In the current case, 21 Del.C. § 2742 is presumed to comply with the requirements of due process unless and until the Plaintiff can demonstrate that the statute cannot be read in a manner consistent with the necessary constitutional criteria.
Due process essentially requires that an individual be given a full and fair hearing before an impartial tribunal at a meaningful time and in a meaningful manner. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); West Penn Power Company v. Train, 522 F.2d 302, 312 (3rd Cir.1975). It is not a technical notion with a fixed content but a flexible concept which calls for such procedural protections as the situation demands. Mathews v. Eldridge, 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976).
There are traditionally three factors which are considered when examining the constitutional sufficiency of governmental procedures. They are the private interest affected by the official action, the risk of erroneous deprivation of the interest through the procedures used and the value or necessity for additional safeguards, and *539 the government's interests and purpose in promulgating the statute. Goldberg v. Kelly, 397 U.S. 254, 263-71, 90 S.Ct. 1011, 1018-22, 25 L.Ed.2d 287; Mathews v. Eldridge, 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18; Mackey v. Montrym, 443 U.S. 1, 10, 99 S.Ct. 2612, 2617, 61 L.Ed.2d 321 (1979).
The Plaintiff does possess a right to her license which is protected by due process. Any suspension or revocation of this right must comply with the requirements of due process. Mackey v. Montrym, Id.; Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). On the other hand, the State possesses an interest in protecting citizens and providing for their safety on the public highways, an interest recognized to be at least as great as any individual's interest in his license. See Mackey v. Montrym, Id. 443 U.S. at 17-18, 99 S.Ct. at 2620-2621. In reviewing the procedures established by section 2742 with these interests in mind, the object is not to choose between the two but to see if the integrity of the private interest is sufficiently protected by the legislative scheme designed to pursue governmental concerns.
The United States Supreme Court has considered the constitutionality of driver's license revocation procedures on several occasions. In Dixon v. Love, 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977), the Court upheld an Illinois law authorizing revocation of a driver's license without a preliminary hearing upon a showing that the driver had repeatedly been convicted of traffic offenses. The Court held that due process was preserved because the private interests were protected through (1) special provisions affording relief to hardship cases, and (2) providing the licensee, upon request, the right to a hearing within twenty days after suspension. In Mackey v. Montrym, 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321, the United States Supreme Court upheld a Massachusetts law mandating suspension of a driver's license for refusal to take a breath analysis test after an arrest. Under that statute, the arresting officer prepares a written report of refusal which is forwarded to the Registrar of Motor Vehicles who formally suspends the license and advises the driver of his right to appeal the suspension to the Board of Appeals. The court held that since a post-suspension hearing was immediately available after suspension, there was no substantial injury done to the citizen's private interests.
Title 21, section 2742 of the Delaware Code is consistent with Dixon v. Love, 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 and Mackey v. Montrym, 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321.
The language of sections 2742(b) and (c) speaks of an immediate revocation of a person's license following a police officer's certification that he had "probable cause" to believe section 4177 was violated. It is clear, however, that under section 2742(d) no revocation is effective until there is an adverse decision after an administrative hearing or until he waives his rights to a hearing by not requesting one. The right to drive is not actually lost until after the licensee is afforded notice of and an opportunity to a hearing. By providing that no revocation is effective until after the licensee has had an opportunity to a hearing, the Delaware statute actually offers greater protection than is constitutionally required under Dixon v. Love, Id. and Mackey v. Montrym, Id.
The Plaintiff relies on the case of Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971) for the proposition that license revocation prior to a hearing is inappropriate. However, as Dixon and Mackey both make clear, the Bell decision is fully distinguishable from other pre-hearing revocation cases because in Bell, the sole purpose for revocation was to force drivers to post security prior to a civil judgment for damages, a stated purpose ruled insufficient to support revocation without a hearing. After Dixon v. Love, 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172, and Mackey v. Montrym, 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321, the law is clear. A governmental interest *540 in promoting public safety is sufficient to support revocation prior to a hearing. In any event, Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90, is inapplicable to the present case since revocation under section 2742 is effective only after an opportunity for a hearing is afforded the licensee.
The hearing afforded under sections 2742(e) and (f) does not present the risk of erroneous deprivation of rights which Plaintiff suggests. The State bears the burden of demonstrating "whether by a preponderance of the evidence, it appears that the person was in violation of section 4177." The evidence presented for the State derives from the objective observation of the officer buttressed by an arrest for driving under the influence. A hearing is provided before an administrative body which is assumed to be fully capable of affording adequate due process, see Boulware v. Battaglia, 344 F.Supp. 889, 906 (D.Del.1972); see, e.g., Dixon v. Love, 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 and the administrative official is presumed to be impartial unless shown to be otherwise. Schweiker v. McClure, 456 U.S. 188, 102 S.Ct. 1665, 1670, 72 L.Ed.2d 1 (1982). In this case, there is no evidence to suggest that the administrative official is biased.
Plaintiff also claims that it is constitutionally impermissible for her to be found guilty of a civil statute, section 2742, and yet be found not guilty under a criminal statute. It is evident, however, that the Legislature may impose both criminal and civil sanctions for the same act or omission and be within the constitutional bounds of due process. Helvering v. Mitchell, 303 U.S. 391, 398-99, 58 S.Ct. 630, 632-33, 82 L.Ed. 917 (1938); One Lot Emerald Cut Stones and One Ring v. United States, 409 U.S. 232, 235, 93 S.Ct. 489, 492, 34 L.Ed.2d 438 (1972); United States v. Ward, 448 U.S. 242, 250, 100 S.Ct. 2636, 2642, 65 L.Ed.2d 742 (1980). An acquittal under the criminal statute, which requires the State to prove guilt beyond a reasonable doubt, would not necessarily be inconsistent with an adverse verdict under the civil statute, which only requires the State to prove its case by a preponderance of the evidence. One Lot Emerald Cut Stone and One Ring v. United States, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438.
Temporary restraining orders and preliminary injunctions are extraordinary remedies. They will not be granted unless irreparable injury is to be suffered by the party seeking relief if a remedy is not granted. New Castle County, Etc. v. Board of Educ., Del.Ch., 451 A.2d 1156, 1159-60 (1982). An injunction will never issue merely because of the threat or possibility of great injury or by reason of mere apprehension of uncertain damage at some time in the future. Weldin Farms, Inc. v. Glassman, Del.Supr., 414 A.2d 500 (1980); Bayard v. Martin, Del.Supr., 34 Del.Ch. 184, 101 A.2d 329, cert. den., 347 U.S. 944, 74 S.Ct. 639, 98 L.Ed. 1092 (1944). A plaintiff must not only show irreparable harm but must also show that he possesses a reasonable probability of success on the merits of his case at a final hearing. Bayard v. Martin, Id. He must also demonstrate that no adequate remedy exists at law and that equitable intervention is, therefore, necessary. Bayard v. Martin, Id.; State v. Delaware State Educational Association, Del. Ch., 326 A.2d 868, 875 (1974).
In light of this Court's finding that 21 Del.C. § 2742 meets the necessary constitutional requirements, the Plaintiff has failed to demonstrate why injunctive relief is necessary. Due process is not violated and injunctive relief will not be granted when, as here, a constitutionally sufficient administrative procedure was available but the complainant merely declined or failed to take advantage of it. Dusanek v. Hannon, 677 F.2d 538, 543 (7th Cir.1982). Plaintiff cannot bootstrap a claim of irreparable injury when the injury is the result of her own failure to exercise legislatively granted prerogatives. Plaintiff has failed to request a hearing and apparently will lose her license for ninety days. This may or may *541 not result in her losing her employment. Her injury, however, the loss of her license or even the loss of her job, will be the result of her waiver of rights and/or her drinking and driving and not from any constitutional deprivation of due process.
Since section 2742 is found to be constitutionally adequate, Plaintiff is unable to demonstrate the need for equity since her remedy at law is fair, is available as a matter of right and is practical and prompt. Family Court v. Department of Labor and Indus. Rel., Del.Ch., 320 A.2d 777, 780 (1974); see, 42 Am.Jur.2d Injunctions § 187. Likewise, the support found for the statute in Dixon v. Love, 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172, Mackey v. Montrym, 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 and United States v. Ward, 448 U.S. 242, 100 S.Ct. 2636, 65 L.Ed.2d 742, demonstrates that it is most unlikely that the Plaintiff will succeed on the merits of her case.
Because the Plaintiff has failed to satisfy the requirements necessary to obtain injunctive relief, her motion is denied.
IT IS SO ORDERED.