**James L. RICHARDSON, Plaintiff,**

v.

**A. Scott WILE and Susan S. Wile, Intervenors,**

v.

**TOWN OF OCEAN VIEW, Wayne C. Breasure, Individually and as President of the Commissioners of the Town of Ocean View, Ralph Hitchens, Individually and as Secretary of the Commissioners of the Town of Ocean View, Lydia D. Quillen, Individually and as Treasurer of the Town of Ocean View, Richard E. Mitchell, John W. Johnson, Individually and as Commissioners of the Town of Ocean View, Town of Ocean View Planning and Zoning Board, Gus Gentile, Ralph Hitchens, Frank Lathbury, David Long and Dick Mitchell, Individually and as Members of the Town of Ocean View's Planning and Zoning Board, Elbridge Murray, III, Individually and as Building Inspector For the Town of Ocean View, Defendants.**

Supreme Court of Delaware.

Submitted: Sept. 9, 1987.
Decided: Jan. 4, 1988.

Nicholas H. Rodriguez (argued), Catherine T. Hickey, Esquire and William W. Pepper of Schmittinger & Rodriguez, Dover, for plaintiff.

Roy S. Shiels (argued) of Brown, Shiels & Chasanov, Dover, for intervenors.

Walter L. Pepperman, II (argued), and Palmer L. Whisenant of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendants.

Before CHRISTIE, C.J., MOORE and WALSH, JJ.

WALSH, Justice:

The United States District Court for the District of Delaware has certified two questions of law for this Court to consider. In the exercise of our discretion to hear questions for which there are urgent and important reasons for determination, we have decided to accept only one question.[1] The issue accepted is whether a business establishment which rents or sells x-rated video cassettes is an "adult entertainment establishment" as defined by 24 *Del.C.* § 1602.

The question certified by the District Court requires this Court to determine the scope of the phrase "adult entertainment establishment" as used in 24 *Del.C.* ch. 16. Chapter 16, sometimes referred to as the Adult Entertainment Establishment Act (the "Act"), is a comprehensive statutory scheme for the licensing of adult entertainment establishments within the State. 24 *Del.C.* § 1606. Under the Act the licensing responsibility is delegated to a Commission on Adult Entertainment Establishments composed of five members appointed by the Governor. *Id.* at § 1603. Each applicant for an establishment license is required to disclose to the Commission a broad range of information detailing the applicant's identity and background. *Id.* at § 1613. Similar information must be provided on behalf of all persons "responsible for the day-to-day management of the adult entertainment establishment." *Id.* at § 1613(b). If the applicant is a partnership or corporation a filing must be made for each partner or principal stockholder. *Id.* at § 1613(c), (d). To date, the Commission has not required a video retail store which rents or sells x-rated videos to be licensed under Chapter 16.

A literal reading of section 1602 suggests that a video rental store which rents or sells x-rated video cassettes would fit within the section's definition of an "adult entertainment establishment." However, in light of the clear legislative intent expressed in 24 *Del.C.* § 1601 and the constitutional entanglement implicit in the inclusion of video rental stores within the scope of section 1602, we hold that a business which rents or sells x-rated videos is not per se an "adult entertainment establishment."

I

The parties have stipulated to the facts which are pertinent to our consideration of the certified question. On May 21, 1984, James L. Richardson and A. Scott and Su-

---

1. This Court derives its authority to accept certified questions from Del. Const., art. IV, § 11, which provides in part:

Section 11. The Supreme Court shall have jurisdiction as follows:

\* \* \* \* \* \*

(9) To hear and determine questions of law certified to it by other Delaware courts and the United States District Court for the District of Delaware where it appears to the Supreme Court that there are important and urgent reasons for an immediate determination of such questions by it. The Supreme Court may by rules define generally the conditions under which questions may be certified to it and prescribe methods of certification.

In addition, Supreme Court Rule 41(a) provides:

(a) *Who May Certify.* Any state court and the United States District Court for the District of Delaware may, on motion or sua sponte, certify to this Court for decision a question of law arising in any case before it prior to the entry of final judgment if there is an important and urgent reason for an immediate determination of such question by this Court and the certifying court has not decided the question in the case.

san S. Wile (the "Applicants") filed with the Planning and Zoning Commission of the Town of Ocean View separate applications for permission to open video rental stores within the Town of Ocean View (the "Town"). After conducting hearings on the matter, the Commission voted to deny both applications.

On June 11, 1985, Richardson filed a complaint in the United States District Court seeking injunctive relief and damages against the Town, alleging that his constitutional rights were violated when his site plan application for the proposed video rental business was denied. Subsequently, A. Scott and Susan S. Wile were permitted to intervene in support of Richardson's claim.

In its amended answer to Richardson's complaint, the Town asserted as a defense 22 *Del.C.* § 837.[2] Section 837 provides that no "adult entertainment establishment," as defined by 24 *Del.C.* § 1602, shall be located:

(1) within 500 feet from any residence; or

(2) within 1,500 feet from any other adult entertainment establishment; or

(3) within 2,800 feet from any church or school.

The District Court has certified the following questions for this Court's consideration:

(1) Is a business establishment, which rents or sells x-rated video cassettes, an "adult entertainment establishment" as defined by 24 *Del.C.* § 1602?

(2) If any business establishment, which rents or sells x-rated video cassettes, is an "adult entertainment establishment," as defined in 24 *Del.C.* § 1602, regardless of whether the owners or management of such business establishment are likely to facilitate the

crimes of obscenity and prostitution, are the time, place, and manner restrictions on such business establishments unconstitutionally broad due to the fact that they fail to show the State's purpose by the least restrictive means possible?[3]

The parties have further stipulated that 25% of the Applicants' proposed video rental businesses would be in the rental of "x-rated" videos. These "x-rated" videos will contain "sexually-oriented" material as defined in section 1602(18), depicting sexual activity involving human beings, including acts of human masturbation, sexual intercourse, sodomy, cunnilingus, and fellatio.

In Delaware, it is a settled rule of construction to read a statute as a whole in an effort to effectuate its general legislative intent. Specifically, this Court has held:

> The object of statutory construction is to give a sensible and practical meaning to a statute as a whole in order that it may be applied to future cases without difficulty ... and if a literal interpretation leaves a result inconsistent with the general statutory intention, such intention must give way to the general intent. This is particularly true where such a literal interpretation would lead to unjust and mischievous consequences.

*Burpulis v. Director of Revenue*, Del. Supr., 498 A.2d 1082, 1087 (1985) (citing *Nationwide Mutual Insurance Co. v. Krongold*, Del.Supr., 318 A.2d 606, 609 (1974)).

Section 1602 defines "adult entertainment establishment" as:

> ... any commercial establishment, business or service, or portion thereof, which offers sexually oriented material, devices, performances, or any combination thereof, or any other form, whether printed, filmed, recorded or live.

24 *Del.C.* § 1602(2). At first glance, a literal reading of section 1602 would seem to

---

**2.** This section now appears in the 1987 replacement volume of the Delaware Code Annotated as section 110 of Title 22 Delaware Code.

**3.** We have declined certification of the second question because it poses an issue of federal, not state, law, there being no indication that the

plaintiffs in the federal action have invoked the protection of the Delaware constitution. In any event, any difference in constitutional application would be subject to preemption under federal law.

include a video rental store which rents x-rated videos as a "... business ... which offers sexually oriented material ... in any form, whether printed, filmed, recorded or live." *Id.* However, in construing a statute we are not restricted to a literal reading but must proceed to test that reading against legislative intent.

We are not required to speculate concerning legislative intent since the General Assembly has expressly defined the legislative purpose. Section 1601 states as the purpose of the Act the reduction and prevention of the crimes of obscenity and prostitution as facilitated by the widespread abuse of legitimate occupations such as adult entertainment establishments.[4] This goal is achieved through the Act's extensive disclosure and licensing provisions. Specifically, the statute provides in part for the revocation of the owner's or operator's license if: (1) the licensee intentionally misrepresents or omits to state a material fact required to be filed under Chapter 16; or (2) the licensee is convicted of an enumerated sexual offense, e.g., prostitution, promoting prostitution, sexual assault, sexual misconduct, and rape. 24 *Del.C.* § 1617. By requiring disclosure as a condition of licensing, the statute operates to preclude individuals with any history of promoting the crimes of obscenity and prostitution from the operation or ownership of adult entertainment establishments. Thus, as expressed in 24 *Del.C.* § 1601, we conclude that it is the General Assembly's intent to limit enforcement of this statute to those businesses which are likely to facilitate the crimes of obscenity and prostitution.

A literal reading of subsection 1602(2) which includes within the statute's scope a video rental store which rents "sexually oriented" videos is inconsistent with the repeated statutory finding that a relationship exists between the crimes of obscenity and prostitution and "legitimate occupations and establishments" which promote such activities. There is no suggestion in section 1601, nor are we aware of any other legislative declaration, that video rental stores purveying a broad array of movie material present any special problem of safety or law enforcement. Under well settled rules of statutory construction this inconsistency must be resolved in favor of the statute's legislative intent. *See Burpulis v. Director of Revenue,* 498 A.2d at 1087. Thus, we hold that the phrase "adult entertainment establishment" as used in 24 *Del.C.* § 1602 does not per se include the Applicants' video rental stores.

The Town argues that the language of subsection 1602(2) is unambiguous and clearly includes a video rental store which rents x-rated videos as a "... business ... which offers sexually oriented materials." Where the statutory text is plain and unambiguous, the argument runs, courts should give it effect without referring to any traditional aids of statutory interpretation. *See Chrysler Corp. v. State,* Del. Supr., 457 A.2d 345, 349 (1983) (quoting *Beck v. Lund's Fisheries, Inc.,* Del.Supr., 164 A.2d 583, 586 (1960)).

The Town's argument of unambiguity is not persuasive. Of primary significance are the examples of "adult entertainment establishments" cited in section 1602. Included on this list are: adult book stores;

---

**4.** 24 *Del.C.* § 1601 provides:

(a) It is the finding of the General Assembly that the health, safety and welfare of the people of the State are imperiled by the increasing incidence of the crimes of obscenity, prostitution and of offenses related thereto. The General Assembly finds that the foregoing crimes are principally facilitated by the widespread abuse of legitimate occupations and establishments, to wit, adult entertainment establishments. It is the further finding of the General Assembly that existing criminal penalties for the foregoing offenses have been rendered ineffective by the active concealment of the identities of the individuals who create, control and promote such businesses; by the failure of these individuals and businesses to exercise adequate control and supervision over the activities of their employees; and by the active promotion of prostitution and obscenity by these individuals and businesses for their own financial gain.

(b) To the end of furthering the substantial and compelling interest of the people of this State in being free of the crimes of obscenity, prostitution and its companion offenses, and in order to promote the health, safety and welfare, the General Assembly does hereby act.

conversation parlors; adult peep shows; adult motion picture theatres; and massage establishments. Although, as the text of the statute makes clear, this list is not meant to be exclusive, the cited examples are distinct from video rental stores in that they involve on-site displays of sexually oriented materials or sexual activities. In contrast, video rental stores generally offer videos for home use and do not include the on-site element that Chapter 16 seems to contemplate. We find the site/activity nexus a significant indication, in itself, of legislative intent and clearly at variance with the Town's claim of unambiguous meaning.

■ Moreover, in order to determine whether a statute is ambiguous on its face the statute must be read as a whole. Section 1601 and section 1602 must be read *in pari materia. William H.Y. v. Myrna L.Y.,* Del.Supr., 450 A.2d 406, 410 n. 10 (1982) (citing *duPont v. Mills,* Del.Supr., 196 A. 168 (1937)). Thus, the expansive definition of adult entertainment establishments in section 1602 must be read in accordance with the more narrow stated purpose, the reduction in the promotion of criminal obscenity and prostitution, in section 1601. This difference becomes significant when viewed in relation to the cited examples of "adult entertainment establishments" in section 1602. As noted, these examples encompass on site activities which would be likely to promote the crimes of obscenity and prostitution. In contrast, a video rental store which rents movies for home use does not generate the same concerns.

Thus, in consideration of the examples of adult entertainment establishments cited in section 1601 and the narrow purpose for which the statute was enacted, we conclude that a sufficient level of ambiguity exists as to whether the Applicants' video store would fall within the scope of the statute. Accordingly, a rule of statutory construction which prefers intent over literal meaning is appropriately applied.

## II

Finally, although we have refused to address directly the issue of the statute's constitutionality, consideration of the first amendment implications of the Town's position is unavoidable. This Court has previously held that where a possible infringement of a constitutional guarantee exists, the interpreting court should strive to construe the legislative intent so as to avoid unnecessary constitutional infirmities. *See Atlantis I. Condominium Ass'n v. Bryson,* Del.Supr., 403 A.2d 711 (1979). *See also Almeida–Sanchez v. United States,* 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973); *Cook v. Oberly,* Del.Ch., 459 A.2d 535, 538 (1983); *State v. Colasuonno,* Del. Super., 432 A.2d 334, 339 (1981).

■ The zoning ordinance, through incorporation of adult entertainment establishment restrictions, focuses on the secondary effects of such establishments. However, there is little doubt that enforcement of the ordinance will have an incidental effect on constitutionally protected free speech. Even an incidental impact requires that the statute be narrowly interpreted so that its effect on first amendment freedoms is no greater than is essential to serve a substantial governmental interest. *See United States v. O'Brien,* 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672 (1968); *see also City of Renton v. Playtime Theatres, Inc.,* 475 U.S. 41, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986); *Young v. American Mini Theaters,* 427 U.S. 50, 76, 96 S.Ct. 2440, 2456, 49 L.Ed.2d 310 (1976).

■ In light of this standard, we believe that the interpretation proposed by the Town will subject the statute to a significant challenge that it is unconstitutionally overbroad. This constitutional infirmity develops from a concern that a per se rule requiring all video rental stores which rent sexually oriented videos to be licensed under the statute would fail to further the stated governmental purpose of preventing the crimes of prostitution and obscenity. Thus, to preserve its constitutionality, enforcement of the statute must be limited to the furtherance of its stated purpose.

The Town suggests that section 1602 may be saved from constitutional entangle-

ment by an interpretation which limits its applicability to businesses which offer sexually explicit video material as a "substantial portion" of their business. It is argued that a proportionality standard would preserve the statute's constitutionality from an overbreadth challenge. *See, e.g., Dumas v. City of Dallas,* N.D.Tex., 648 F.Supp. 1061 (1986) (zoning ordinance limited to establishments whose "principal business purpose" was the sale of sexually explicit material); *Christy v. City of Ann Arbor,* E.D.Mich, 625 F.Supp. 960 (1986) (ordinance regulating establishments with more than twenty percent of stock in trade in adult materials).

Unlike the zoning ordinances under review in both *Christy* and *Dumas,* section 1602 contains no proportionality standard nor quantitative threshold for its application. For this Court to supply an enforceability standard where one does not exist suggests an awareness or understanding of what threshold the General Assembly would have imposed had it considered the question. We are not inclined to engage in this exercise in judicial legislation. *See Ewing v. Beck,* Del.Supr., 520 A.2d 653, 660 (1987) (quoting *Reyes v. Kent General Hosp., Inc.,* Del.Supr., 487 A.2d 1142, 1146 (1984)); *Delaware Solid Waste Authority v. News–Journal,* Del.Supr., 480 A.2d 628, 634 (1984).

We hold, therefore, that a video rental store which rents or sells x-rated videos is not per se an adult entertainment establishment as defined in 24 *Del.C.* § 1602. Further only those businesses which are likely to promote the crimes of obscenity and prostitution, as expressed in 24 *Del.C.* § 1601, should be licensed as "adult entertainment establishments" under 24 *Del.C.* ch. 16.