IN RE: REQUEST FOR an OPINION OF the JUSTICES

No. 104, 2017

Supreme Court of Delaware.

March 13, 2017

Dear Governor Carney:

We have received your request for an opinion of the Justices on the constitutionality of that portion of Article IV, Section 3 of the Delaware Constitution that your letter describes as requiring "party balance" among the judicial officers on Delaware's constitutional courts and on the meaning of the terms "major political par-

ty" and "other major political party" as used in that constitutional provision.[1] Specifically, the questions you posed are:

1. Whether the party balance requirement of Article IV, Section 3 of the Delaware Constitution violates prospective judicial applicants' freedom of political association in contravention of the First Amendment of the United States Constitution;

2. Whether the party balance requirement of Article IV, Section 3 of the Delaware Constitution violates the First Amendment of the United States Constitution in any other respect; and

3. The proper construction of the terms "major political party" and "other major political party," as those terms are used in Article IV, Section 3 of the Delaware Constitution.[2]

■ The Justices of the Delaware Supreme Court respect very much your concern for your ability to perform your constitutional appointment powers with certainty. It is for that very reason that we reluctantly decline to provide answers to your specific questions.

■ Although 10 *Del C.* § 141 permits the Justices to give their personal opinions on questions posed to them by the Governor regarding the proper construction of the Delaware or United States Constitution, it does not require the Justices to do so.[3] As you know and advert to in your letter, you and the State are defendants in a pending federal lawsuit. The core questions you ask about are not ones of state law. They involve whether long-standing provisions of our state's constitution somehow violate the federal constitution. If we, as Justices of the Delaware Supreme Court acting under the limited provisions of 10 *Del. C.* § 141 answer those questions, we regrettably will not provide you with the certainty you require. Because 10 *Del. C.* § 141 is a very limited provision, any opinion we provide is personal and is not binding in litigation, and most importantly, cannot be the subject of a petition for certiorari to the United States Supreme Court.[4] The Justices have noted in response to other requests for advisory opinions that when regular adversarial proceedings are available as a means to obtain a binding decision on a legal question, the Justices should refrain from giving their personal opinions "in the performance of a non-judicial function" under 10 *Del. C.* § 141.[5]

The only way for you to obtain the certainty you desire is to seek an expedited decision in the pending federal action, or to initiate a new lawsuit in a trial court in this state. Either avenue would provide a basis for an eventual resolution of the questions in a binding manner.

By way of example, a request for expedition by the State in the pending federal lawsuit will provide a basis for a trial court ruling that the State can choose to honor or appeal. Because the questions core to your request are federal in nature, the federal court would not have a basis to

---

1. *See* Letter from the Honorable John C. Carney, Governor of the State of Delaware, to the Justices of the Supreme Court of Delaware, dated March 6, 2017, at 1.

2. *See id.* at 4.

3. *In re Request of Governor for Advisory Opinion*, 722 A.2d 307, 309 (Del. 1998).

4. *Opinion of the Justices*, 413 A.2d 1245, 1250 (Del. 1980).

5. *Opinion of the Justices*, 424 A.2d 663, 664 (Del. 1980).

seek our views on those questions, highlighting the inherently federal nature of the core questions.[6]

An expedited proceeding in any forum is costly. We do not decline this request because of the burden to our Court. We would gladly expedite our proceedings on this request, as is our historical tradition and commitment, if by doing so we could provide you the certainty you seek. But, we do take into account this burden because resources that the plaintiffs in the federal action and the state could be putting into obtaining an expedited decision in the forum that can give a binding opinion would be diverted into procuring an advisory opinion that, by definition, cannot provide certainty about the underlying issues. We believe it would be imprudent to divert the parties' resources and to risk delay of the federal proceeding by giving an advisory opinion about issues that are already pending before a federal court with subject matter jurisdiction.

Finally, as to the one state law question you pose, we are unaware of any unsettled question of state law that divides the parties in the pending lawsuit. There is a statute, 15 *Del C.* § 101(15), that provides a statutory gloss on the constitutional term "major political party" and your letter does not indicate that there is any litigable issue that exists about the meaning or number of major political parties in Delaware. In any event, this subsidiary issue is best addressed in a binding way, along with your primary questions, which are ones of federal constitutional law.

■ For whatever assistance this thought might provide, we note our collective opinion as to the following relevant

consideration. As Governor, the Delaware Constitution mandates that you "shall take care that the laws be faithfully executed." [7] Our constitution, like any other law, is presumed to be valid.[8] That presumption of validity extends to the 120–year old provision in Article IV, Section 3 requiring political balance. It is not unusual for government agencies to have to act under laws that are being challenged in litigation. Although we understand that the pending litigation creates some uncertainty about the future, it does not seem to provide any plausible basis for short-term concerns if you choose, as a matter of both your sense of constitutional duty under Article III, Section 9 and Article IV, Section III and your inherent executive discretion, to defend the pending federal lawsuit and to comply with Article IV, Section 3 of the Delaware Constitution unless and until it is declared to be invalid. If you do so, we do not see how any judicial appointment you make in compliance with the Delaware Constitution and as a matter of your discretion can be upset after the fact.

Consideration of certain well-known realities about our political system highlight why this is so. To this point, we note that Presidents and Governors of particular parties often choose candidates exclusively or almost exclusively from their own political parties, and that provides no basis for legal challenge under the First Amendment. Likewise, it is common for Presidents and Governors to populate their cabinets, as a matter of their own discretion, with members of their own parties. In neither of these situations would a person be able to undermine the seated appointment simply because the executive chose

---

6. *See Richardson v. Wile,* 535 A.2d 1346, 1348 n.3 (Del. 1988).

7. Del. Const. Art. III, § 17.

8. *McDade v. State,* 693 A.2d 1062, 1065 (Del. 1997).

to seat a person from a party the executive preferred.

Thus, for a Governor, by his own choice, to adhere to his state's constitution and to decide to appoint candidates in compliance with that constitution cannot, in our view, form the basis for any plausible legal challenge. For these reasons, to the extent that you, by duty and choice, decide that the policy embodied in Article IV, Section 3 of the Delaware Constitution is one you will follow while you and the State defend its constitutionality in federal court, we are unaware of any reason why you should have to delay making judicial selections for fear that those selections can be subject to later judicial second-guessing.

For these reasons, we respectfully decline to provide an answer to the questions you have posed.

/s/ Leo E. Strine, Jr.
   Chief Justice Leo E. Strine, Jr.

/s/ Randy J. Holland
   Justice Randy J. Holland

/s/ Karen L. Valihura
   Justice Karen L. Valihura

/s/ James T. Vaughn, Jr.
   Justice James T. Vaughn, Jr.

/s/ Collins J. Seitz, Jr.
   Justice Collins J. Seitz, Jr.