# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RICK ALEXANDER and<br>SHELBY HELPER, | ) | |
| | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | C.A. No. N15A-05-005 FWW |
| | ) | |
| | ) | |
| CATHLENE HARVEY, | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: August 9, 2016
Decided: October 25, 2016

## MEMORANDUM OPINION

On Appeal from the Court of Common Pleas:
**AFFIRMED.**

John R. Weaver, Jr., Esq., 831 North Tatnall Street, Suite 200, Wilmington, Delaware 19801; Attorney for Appellants.

Brian T.N. Jordan, Esq., Jordan Law, LLC, 704 North King Street, Suite 600, Wilmington, Delaware 19801; Attorney for Appellee.

**WHARTON, J.**

# I. INTRODUCTION

Rick Alexander and Shelby Helper ("Appellants") request a review of the Court of Common Pleas' decision to dismiss their appeal for lack of subject matter jurisdiction under 25 *Del. C.* § 5717(a). Appellants contend that the Court of Common Pleas had jurisdiction over their rent claim because § 5717(a) does not apply when one's summary possession claim becomes moot before trial.

In considering this appeal, the Court must determine whether the Court of Common Pleas committed legal error when it dismissed Appellants' appeal for lack of subject matter jurisdiction. Upon consideration of the pleadings before the Court and the record below, the Court finds that the Court of Common Pleas did not commit legal error in reaching its decision. Accordingly, the Court of Common Pleas' decision is **AFFIRMED**.

# II. FACTUAL AND PROCEDURAL CONTEXT

Appellants live in Wilmington, Delaware, and they have a rental unit attached to their house.[1] Appellants agreed to lease the unit to Cathlene Harvey ("Harvey") for one year beginning on January 8, 2012 and ending on January 8,

---

[1] Appellee's Ex. B.

2

2013.[2] Harvey agreed to pay Appellants $700.00 in rent and one-half of all utilities each month.[3]

After the lease expired, Harvey continued to live in the unit as a holdover tenant.[4] In November 2013, Harvey failed to pay rent to Appellants.[5] Under 25 *Del. C.* § 5701, the Justice of the Peace Court has exclusive jurisdiction over all summary possession claims.[6] Therefore, on November 27, 2013, Appellants filed a complaint in the Justice of the Peace Court seeking summary possession and rent.[7] Harvey counterclaimed that Appellants impermissibly charged her for utilities during her tenancy in violation of 25 *Del. C.* § 5312 and that Appellants engaged in retaliatory acts against her in violation of 25 *Del. C.* § 5516.[8]

On January 13, 2014, the Justice of the Peace Court held a hearing regarding these claims.[9] Prior to the hearing, however, Harvey vacated Appellants' rental unit.[10] On February 4, 2014, the Justice of the Peace Court entered a judgment in

---

[2] *Id.*

[3] *Id.* The house and the rental unit shared a meter that provided the utilities used in a given month. Therefore, Appellants and Harvey agreed to simply divide the cost of utilities in half at the end of each month based upon the meter's reading.

[4] *Id.*

[5] *Id.*

[6] According to § 5701, "An action for summary possession in accordance with § 5702 of this title shall be maintained in the Justice of the Peace Court which hears civil cases in the county in which the premises or commercial rental unit is located."

[7] Appellee's Ex. B.

[8] Appellee's Ex. C. Harvey claimed that Appellants violated 25 *Del. C.* § 5312 because Appellants were required to provide a separate utility meter for water and electric.

[9] *Alexander v. Harvey,* No. JP13-13-015664 (Del. J.P. Feb. 4, 2014).

[10] *Id.*

3

favor of Harvey for $2,600.00.[11] The trial court found that Harvey owed Appellants $1,540.00 for rent, but Appellants owed Harvey $4,140.00 for utilities paid during her tenancy.[12] The trial court did not enter a judgment for summary possession because Harvey vacated the rental unit prior to trial.[13]

On February 18, 2014, Appellants appealed the Justice of the Peace Court's decision to the Court of Common Pleas pursuant to 10 *Del. C.* § 9571(a).[14] On February 2, 2015, Harvey filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction under 25 *Del. C.* § 5717(a).[15] According to § 5717(a), a party shall appeal a judgment in a summary possession proceeding to a three-judge panel in the Justice of the Peace Court.[16] Because Appellants filed a complaint for summary possession in the Justice of the Peace Court under § 5701, Harvey

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] Section 9571(a) states that "[f]rom any final order, ruling, decision or judgment of the Court in a civil action there shall be the right of appeal to the Court of Common Pleas of the State in the county in which said order, ruling, decision or judgment was rendered."

[15] Appellee's Mot. Dismiss.

[16] In relevant part, § 5717(a) states the following:

> With regard to nonjury trials, a party aggrieved by the judgment rendered in such proceeding may request in writing, within 5 days after judgment, a trial de novo before a special court comprised of 3 justices of the peace other than the justice of the peace who presided at the trial, as appointed by the chief magistrate or a designee, which shall render final judgment, by majority vote, on the original complaint within 15 days after such request for a trial de novo.

4

contended that Appellants were required to appeal their rent claim to a three-judge panel.[17]

On May 1, 2015, the Court of Common Pleas granted Harvey's Motion to Dismiss.[18] Appellants appeal the Court of Common Pleas' decision.

### III. THE PARTIES' CONTENTIONS

Appellants contend that the Court of Common Pleas committed legal error when it dismissed their appeal for lack of subject matter jurisdiction. In particular, Appellants contend that the Court of Common Pleas had jurisdiction over their rent claim because § 5717(a) does not apply when one's summary possession claim becomes moot before trial.[19] In this case, the summary possession claim became moot when Harvey vacated the rental unit prior to trial.[20] Therefore, Appellants claim that their appeal to the Court of Common Pleas was proper under 10 *Del. C.* § 9571(a) because only a trial for rent was held in the Justice of the Peace Court.[21]

In response, Harvey argues that the summary possession claim becoming moot before trial is irrelevant.[22] All appeals for summary possession must go to a three-judge panel in the Justice of the Peace Court.[23] If a party joins a rent claim to

---

[17] Appellee's Mot. Dismiss.
[18] *See Alexander v. Harvey*, No. CPU4-14-000462 (Del. Com. Pl. May 1, 2015) (TRANSCRIPT).
[19] Appellants' Opening Brief, D.I. 8, at 7.
[20] *Id.* at 8–9.
[21] *Id.*
[22] Appellee's Answering Brief, D.I. 9, at 12–13.
[23] *Id.* at 8–9.

his or her summary possession claim, then the rent claim must be appealed to the three-judge panel as well.[24]  Therefore, Harvey argues that Appellants were required by statute to appeal their rent claim to a three-judge panel.[25]

## IV. STANDARD OF REVIEW

The standard of review by the Superior Court for an appeal from the Court of Common Pleas is the same standard applied by the Supreme Court to appeals from the Superior Court.[26]  In addressing appeals from the Court of Common Pleas, this Court is limited to correcting errors of law and to determining whether substantial evidence exists to support factual findings.[27]  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."[28]  If factual findings are "sufficiently supported by the record and are the product of an orderly and logical[ly] deductive process," then they will not be challenged.[29]  Questions of law are reviewed *de novo*.[30]

---

[24] *Id.*

[25] *Id.* at 10–13.

[26] *Robert J. Smith Co., Inc. v. Thomas*, 2001 WL 1729143, at *2 (Del. Super. Dec. 10, 2001).

[27] *Henry v. Nissan Motors Acceptance Corp.*, 1998 WL 961759, at *1 (Del. Super. Oct. 21, 1998) (citing *Shahan v. Landing*, 643 A.2d 1357, 1359 (Del. Super. 1994)).

[28] *Robert J. Smith Co., Inc.*, 2001 WL 1729143, at *2 (citing *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994)).

[29] *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972).

[30] *Henry*, 1998 WL 961759, at *1.

# V. DISCUSSION

The Justice of the Peace Court has exclusive jurisdiction over all summary possession claims.[31] Pursuant to § 5717(a), a party must appeal all summary possession judgments to a three-judge panel in the Justice of the Peace Court. The three-judge panel's "judgment is final, and no further appellate jurisdiction on the merits exists."[32]

As courts have noted, a landlord has the option to combine an action for summary possession and rent in one suit in the Justice of the Peace Court.[33] If a landlord elects to combine these claims, an appeal for rent is "necessarily covered by the summary possession section, not the general appeals statute."[34] As a result, courts have held that a party cannot sever a rent claim from a summary possession claim after receiving an adverse decision in the Justice of the Peace Court, and appeal the rent claim to the Court of Common Pleas.[35]

---

[31] *See* 25 *Del. C.* § 5701.

[32] *Manufactured Homes Communities, Inc. v. Brown*, 1999 WL 1847440, at *2 (Del. Com. Pl. Jan. 22, 1999). *See* 25 *Del. C.* § 5717(a).

[33] *See id.* ("When a combined action for possession and rent is filed, this claim may be asserted under the Landlord/Tenant Code in one suit." (citing 25 *Del. C.* §§ 5707(5), 5715(d), 5717(a), (c))). However, the landlord could independently file suit for rent in another court with proper jurisdiction.

[34] *Id. See also id.* at *1 ("On the other hand, if the damages are part of a summary possession case, then the appeal must be perfected in a special three judge panel convened in the Justice of the Peace Court.").

[35] *See, e.g., Jarmon v. Owner's Mgmt. Co.*, 2004 WL 1859988, at *2 (Del. Com. Pl. May 17, 2004) ("[A]n appellant cannot sever the rent claim for an appeal to this court merely because he did not obtain the desired result in the court below."); *Asset Recovery Serv., LLC, v.12th Street Assocs., L.P.*, 2003 WL 1848661, at * 1 (Del. Com. Pl. March 6, 2003) ("Asset's argument that it should have the right to sever and to appeal the issue of the rent claim separate from the

*Neitzelt v. Meera Management, LLC* provides an example of a party's inability to sever its rent claim following an adverse decision in the Justice of the Peace Court.[36] In *Neitzelt*, the landlord filed suit against a tenant for summary possession and debt in the Justice of the Peace Court.[37] The trial court dismissed the case, and the landlord thereafter appealed the debt claim to the Court of Common Pleas pursuant to 10 *Del. C.* § 9571(a).[38] The Court of Common Pleas awarded damages to the landlord.[39] The tenant appealed the decision to the Superior Court, claiming that the Court of Common Pleas did not have jurisdiction over the appeal.[40] This Court agreed with the tenant and held that the Court of Common Pleas did not have jurisdiction for the following reason:

> [I]f a party *brings* a summary possession and debt claim before the Justice of the Peace Court, the only option for appeal is to the three-judge panel pursuant to Section 5717. Neither party can elect to sever the summary possession claim from the debt claim, which were filed jointly before the Justice of the Peace Court, and appeal the debt claim to the Court of Common Pleas.[41]

In this case, Appellants argue that severing the rent claim from the summary possession claim is logically impossible because the summary possession claim

---

summary possession claim cannot be accepted by the Court since the Court finds no basis for the argument in the statutes governing landlord/tenant relations, in rules governing appeals to this Court, or in prior decisions of courts that have dealt with similar issues.").

[36] 2006 WL 1719976 (Del. Super. May 1, 2006).

[37] *Id.* at *1.

[38] *Id.*

[39] *Id.*

[40] *Id.* at *2.

[41] *Id.* at *3 (emphasis added).

8

was moot before trial.[42] Appellants filed a summary possession and rent claim in the Justice of the Peace Court. However, the trial court entered a judgment for only the rent claim because Harvey vacated the unit prior to trial. Because the summary possession claim became moot, Appellants argue that the proceeding only involved a rent claim, and therefore, § 5717(a) does not apply.[43] As a result, Appellants contend that their appeal to the Court of Common Pleas was proper under 10 *Del. C.* § 9571(a).

The Court finds that the Court of Common Pleas did not have subject matter jurisdiction over Appellants' rent claim. *Neitzelt* and other precedent clearly establish that the filing of a summary possession complaint determines a party's appellate rights.[44] As such, the fact that Appellants' summary possession claim became moot is inconsequential. Appellants were required to file their summary possession claim in the Justice of the Peace Court, but they were not required to join their rent claim to it. When Appellants chose to file their summary possession and rent claims together, § 5717(a) dictates that Appellants had to appeal their rent claim to a three-judge panel, and they failed to do so.

---

[42] Appellants' Reply Brief, D.I. 11, at 5–6.
[43] *Id.*
[44]*See Neitzelt*, 2006 WL 1719976, at *3 ("[O]nce a summary possession and debt claim is *brought* before the Justice of the Peace, it must be appealed pursuant to Section 5717 and there is no right to appeal to the Court of Common Pleas." (emphasis added)); *Greenmeadow Realty v. Calvente*, 1991 WL 215659, at *2 (Del. Super. Sept. 20, 1991) ("Appellant chose its forum. It *chose to initiate its combined action* before a justice of the peace. It cannot now claim back rent due in this appeal." (emphasis added)).

## VI. CONCLUSION

The Court finds that the Court of Common Pleas did not commit legal error when it found that it lacked jurisdiction over Appellants' rent claim. Accordingly, the decision of the Court of Common Pleas is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

_____
Ferris W. Wharton, Judge