# 1IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

SININA TALLEY-SIDERS,

    Defendant-Below
        Appellant

        v.

JACK & GEORGIA MAYHORN,

    Plaintiffs-Below
        Appellees.

C.A. No. N18A-04-005 CLS

CASE BELOW:
CPU4-16-000219

Date Submitted: June 19, 2018
Date Decided:  October 17, 2018

Upon Consideration of Appellant's Appeal from the Court of Common Pleas.

**AFFIRMED**

Sinina Talley-Siders, PO Box 1402, Bear, Delaware 19701. *Pro Se* Appellant.

Donald L. Gouge, Jr., Esquire, Donald L. Gouge, Jr., LLC, 800 North King Street, Suite 303, Wilmington, Delaware, 19801.  Attorney for Appellees.

**Scott, J.**

1

## OPINION

This is an appeal from the decision of Court of Common Pleas. Jack and Georgia Mayhorn (Sellers) initiated litigation in the Court of Common Pleas against Sinina Talley-Siders (Buyer) for a breach of contract dispute arising from the sale of the Mayhorn's home. Talley-Siders proceeding *pro se* framed her defense as a counterclaim for fraud. Talley-Siders now appeals. For the following reasons the Court of Common Pleas decision will be **affirmed**.

## The Court's Decision

Following a bench trial in August 2017, the Court entered judgment in favor of Sellers against Buyer in a September 5, 2017 decision. The Court determined Buyer breached the Sales Agreement contract and was therefore liable for damages arising from the breach. Even though Buyer offered testimony related to the number and construction of bathrooms in the home, the Court determined Buyer did not move forward with the purchase because of issues with the sump pump.

As to Buyer's fraud claim the Court determined neither the Sellers nor their agent made a false representation with knowledge of its falsity nor with reckless indifference to the truth. Additionally, the Court determined Buyer failed to sustain her burden of showing Sellers intended to induce Buyer into action. The Court awarded damages in the amount of $17,236.60 plus pre- and post-judgment interest.

2

## Parties Assertions

At trial, Defendant alleged that Plaintiffs intentionally misled her when they listed the property with three full bathrooms. In her answer to the complaint in the Court of Common Pleas, Buyer asserted claims of fraud, misrepresentation, and bad faith.

In her appeal, Buyer alleges the Court of Common Pleas based its judgment on an error of law. Buyer claims the Court failed to analyze the facts of the case in light of the Buyer Property Protection Act and 6 *Del. C.* § 2572 related to the seller's obligation to disclose material defects. Buyer further alleges the Court failed to consider relevant building codes in its decision. These arguments are based on Buyer's assertion that a bathroom addition in the home was constructed without proper permits by an unlicensed contractor. Buyer claims the work was in violation of local building codes and Seller's failure to disclose the nature of the work in the Seller's Disclosure was in violation of the Buyer Protection Act.

Additionally, Buyer claims the Court neglected facts that would have been beneficial to her defense. Buyer claims the Court neglected testimony by Buyer and Seller tending to show fraud on the part of Seller. Buyer further contends the Court misapprehended the facts related to the nature of the earnest money deposit, the date

she signed the seller's disclosure, the information uploaded to a MLS corporation, and testimony provided by Seller's real estate agent.

Seller contends that Buyer is attempting to raise new issues on appeal, and the lower Court's decision does not contain an error of law. Seller states Buyer failed to raise the Buyer Property Protection Act and building code violation liability during trial. Buyer further argues evidence was presented at trial to support these claims.

## Standard of Review

Addressing appeals from the Court of Common Pleas, the Superior Court sits as an intermediate appellate Court.[1] As a rule, issues not raised in the trial Court shall not be heard on appeal.[2] The Court's role is to "correct errors of law and to review the factual findings of the Court below to determine if they are sufficiently supported by the record and are the product of an orderly and logical deductive process."[3] Appellate Courts are bound by findings of fact made by the trial Court that are supported by substantial evidence on the record, and are the product of an orderly and logically deductive process.[4] Superior Court does not sit as a trier of

---

[1] *State v. Richards*, 1998 WL 732960.
[2] *Wilmington Tr. Co. v. Conner*, 415 A.2d 773, 781 (Del. 1980).
[3] *Tekstrom, Inc. v. Savla*, 2006 WL 2338050, at *4 (Del. Super. 2006), aff'd, 918 A.2d 1171 (Del. 2007).
[4] *Id*. citing, *Shahan v. Landing*, 643 A.2d 1357 (Del. 1994); *Downs v. State*, 570 A.2d 1142, 1144 (Del. 1990).

4

fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions.[5] Errors of law are reviewed de novo.[6] Errors of law include "errors in formulating or applying legal precepts."[7]

## Discussion

Buyer claims the Court of Common Pleas erred as a matter of law by failing to analyze the facts of the case in light of the Buyer Property Protection Act. Seller contends this issue was not expressly raised in the Court of Common Pleas, and therefore this Court cannot consider this argument on appeal.

The Court did not address the Buyer Protection Act in its opinion, because Buyer did not raise Violations of the Act at trial, and therefore Buyer cannot raise that issue here. The Court's opinion was based on Seller's claim for breach of contract, and Buyer's claims for fraud, misrepresentation and bad faith.

The Sellers Disclosure of real property condition becomes part of the purchase agreement between the parties.[8] As such, Violations of the Act, including issues with the seller's disclosure, are treated by Delaware Courts as actions for breach of

---

[5] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).
[6] *Downs v. State*, 570 A.2d 1142, 1144 (Del. 1990).
[7] *Id.*
[8] 6 *Del. C.* § 2573.

contract.[9]  The Court's opinion discussed elements of fraud and breach of contract, and found the facts in evidence presented at trial did not justify Buyer's non-performance of her obligations, and therefore she was the first to materially breach the contract.[10]

The Court explained that a party claiming fraud must prove they were intentionally misled.  If that party cannot show they were intentionally misled , then their non-performance under the contract is not excused, and such non-performance is a material breach of the contract.[11]  The Court further explained breach is deemed material if it concerns the "root or essence of the agreement between the parties, or [is] one which touches the fundamental purpose of the contract and defeats the object of the parties in entering into the contract."[12]   This is in harmony with Delaware precedent "that a slight breach by one party, while giving rise to an action for damages, will not necessarily terminate the obligations of the injured party to perform under the contract."[13]

---

[9] *See*; *McCoy v. Cox*, 2007 WL 1677536 (Del. Super. 2007), *Iacono v. Barici*, 2006 WL 3844208 (Del. Super. 2006).

[10] *Mayhorn*, at *3.

[11] *Mayhorn*, at *3.

[12] *Mayhorn v. Talley-Siders*, 2017 WL 4122580, at *3 (Del.Com.Pl. 2017) (internal quotations omitted).

[13] *E. Elec. & Heating, Inc. v. Pike Creek Prof'l Ctr.*, 1987 WL 9610, at *4 (Del. Super. 1987), aff'd, 540 A.2d 1088 (Del. 1988).

The Court's decision was that there was sufficient evidence presented at trial to show Buyer did not proceed with the sale because of issues with the sump pump in the home.[14] The Court noted this was the only explanation provided for non-performance at the time of closing, and that such non-performance was unjustified.[15] Buyers belief that one of the bathrooms may have been installed by an unlicensed contractor was not offered as a reason for breach at the time.

Buyer next argues the Court erred as a matter of law in failing to consider relevant building codes in its decision. Buyer states the addition of the bathroom was built in violation of the relevant building codes, without proper permits, by an unlicensed contractor. As with the Buyer Protection Act, Buyer did not raise an issue based on these violations, and they will not be considered on appeal, except, as a matter of law. The building code does not create a private right of action for violations of the code. Enforcement of the New Castle County Building Code is by either civil or criminal proceedings.[16] Civil enforcement of violations are to be brought by the County Attorney, not individuals.[17]

Finally, Buyer claims the Court of Common Pleas misapprehended the testimony presented at trial. Buyer claims the Court neglected testimony by Buyer

---

[14] *Mayhorn*, at *3.
[15] *Id.*
[16] *See;* New Castle County Code of Ordinances, Ch. 6 – Building Code Art. 12.
[17] *Id.*

7

and Seller tending to show fraud on the part of Seller.  Buyer insists testimony offered by her and Seller's agent tended to show the information presented online was incorrect and amounted to a false representation by Sellers and their agent.  If contradictory evidence is presented at trial, the Court of Common Pleas as finder of fact is free to accept or reject the testimony offered, and to make one harmonious story from it all.  On appeal, this Court is bound by the findings of fact as determined by the Court of Common Pleas.

## Conclusion

At trial, the Court reviewed the evidence presented by both parties looking at the totality of the circumstances surrounding the Buyer's actions.[18]  The Court determined Buyer was in breach of the Sales Agreement, and therefore liable for damages.

It was determined at trial the reason Buyer chose not to move forward to closing was because of issues with the sump pump.  The Court found neither Sellers nor their agent knowingly made false representations about the home, nor were any representations made with reckless indifference to the truth.  Furthermore, the Court determined even if Buyer decided not to purchase the Property because she was misled regarding the bathrooms in the home, she failed to prove Sellers intentionally

---

[18] *Mayhorn,* at *4.

misled her, and therefore could not sustain a claim of fraud that would excuse her non-performance.

Under the circumstances presented, there is substantial evidence to support the Court of Common Pleas decision. The Court of Common Pleas decision is free from errors of law. Therefore, the judgment of the Court of Common Pleas must be affirmed.

For the foregoing reasons, the decision of the Court of Common Pleas is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

**Judge Calvin L. Scott, Jr.**