# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| MELODY STARLING, | ) ) ) ) | |
| Appellant/ Defendant-Below | ) ) ) | C.A. No. N18A-09-003 CLS |
|  | ) ) | CASE BELOW: CPU4-17-004961 |
| v. | ) ) | |
| SPENCER APARTMENTS, | ) ) | |
| Appellee/ Plaintiffs-Below. | ) | |

Date Submitted: December 10, 2018
Date Decided: January 8, 2019

Upon Consideration of Appellant's Appeal from the Court of Common Pleas.
**AFFIRMED**

Melody Starling, 900 A Wilmington Avenue, 2nd Floor, Wilmington, Delaware 19805. *Pro Se* Appellant.

David C. Zerbato, Esquire, Michael P. Morton, P.A., 3704 Kennett Pike, Suite 200, Greenville, Delaware, 19807. Attorney for Appellee.

**Scott, J.**

## OPINION

This is an appeal from the decision of Court of Common Pleas. The issue before the Court is the dismissal of Appellant's Counterclaim for rent paid to her landlord while she occupied a rental unit. For the following reasons the Court of Common Pleas decision will be **Affirmed**.

## Nature and Stage of the Proceedings

This is a landlord/tenant issue between Melody Starling (Appellant/Starling) and Spencer Apartments (Appellee/Spencer), instituted in the Justice of the Peace Court 13. Starling resided as a tenant in the apartment in question from June 2007 until September 2017. A trial was held before that Court on September 14, 2017, which Starling did not attend. As a result, a default judgment was entered against Starling. On Starling's Motion, the default judgment was vacated and the case was heard on the merits before the Court, including Starling's counterclaim for rent paid to Spencer from June 2016 through September 2017. Possession of the rental unit was not an issue, so the matter proceeded as a debt action. The Court ruled in favor of the Spencer.

Starling then filed an appeal to the Court of Common Pleas. The case was heard *de novo* at a bench trial on September 6, 2018. The Court found in favor of

Spencer, and dismissed Starling's counterclaim. Immediately following that decision Starling filed this appeal.

## The Court of Common Pleas Decision

At trial the Court did not dismiss Starling's Counterclaim before the hearing. The Court determined Spencer was on notice of the Counterclaim, and therefore the Court would decide the claim on the merits. At trial Starling attempted to introduce evidence to support her claim that Starling had notice of the deficiencies in the apartment. The Court excluded the evidence as it was not produced during discovery.[1]

The Court ruled from the bench that Starling's claim failed as a matter of law. The Court determined Starling failed to notify the landlord in writing of a defective condition as required by the Landlord-Tenant Code under Title 25, therefore she could not maintain a claim to recover rent paid. The Court ruled for Spencer in the amount of $1,673.65

## Parties Assertions

Starling is seeking reimbursement for rent paid from June 2016 until September 2017. Her justification for the claim is unaddressed maintenance issues

---

[1] R. at 65.

starting in June 2016. Starling argues she withheld full rental payments based on the deficiencies in the apartment. Starling states she attempted to submit exhibits to the Court before trial, but was denied.

Spencer argues Starling has not provided a standard of review upon which this Court may proceed, and that Exhibits submitted with this appeal are procedurally barred since they were not presented in the case before the Court of Common Pleas. Spencer further argues the Court of Common Pleas properly excluded the documents Starling wished to file which were not submitted prior to trial.

## Standard of Review

Addressing appeals from the Court of Common Pleas, the Superior Court sits as an intermediate Appellate Court.[2] As a rule, issues not raised in the trial Court shall not be heard on appeal.[3] The Court's role is to "correct errors of law and to review the factual findings of the Court below to determine if they are sufficiently supported by the record and are the product of an orderly and logical deductive process."[4] Appellate Courts are bound by findings of fact made by the Trial Court that are supported by substantial evidence on the record, and are the product of an

---

[2] *State v. Richards*, 1998 WL 732960.
[3] *Wilmington Tr. Co. v. Conner*, 415 A.2d 773, 781 (Del. 1980).
[4] *Tekstrom, Inc. v. Savla*, 2006 WL 2338050, at *4 (Del. Super. 2006), aff'd, 918 A.2d 1171 (Del. 2007).

4

orderly and logically deductive process.[5] Superior Court does not sit as a trier of fact with authority to weigh the evidence, determine questions of credibility, and make its own factual findings and conclusions.[6] Errors of law are reviewed de novo.[7] Errors of law include "errors in formulating or applying legal precepts."[8]

## Discussion

Under the Landlord-Tenant Code, landlords are required to provide a rental unit which does not endanger the health, welfare, or safety of the tenants.[9] The Code allows residential tenants to withhold rent under specific circumstances, and a tenant may recover rent monies if the landlord fails to repair or maintain a rental unit in an acceptable condition as defined by the Code.[10] In the event of a violation of the Code or the rental agreement, the injured party has a right to maintain a cause of action.[11] However, in order to recover damages related to maintenance issues a tenant is required to notify the landlord in writing of the defect complained of.[12]

---

[5] *Id*. citing, *Shahan v. Landing*, 643 A.2d 1357 (Del. 1994); *Downs v. State*, 570 A.2d 1142, 1144 (Del. 1990).
[6] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).
[7] *Downs v. State*, 570 A.2d 1142, 1144 (Del. 1990).
[8] *Id*.
[9] 25 *Del. C.* § 5305.
[10] 25 *Del. C.* §§ 5306 & 5307.
[11] 25 *Del. C.* § 5117.
[12] *Id*.

Starling is seeking reimbursement for 15 months of rent paid while she occupied the apartment. Under the Code, a tenant who undertakes to remedy a defect in the rental unit at their own expense may deduct from the rent the reasonable cost of that repair.[13] Such a deduction is limited to a maximum of $200.[14] Alternatively, a tenant may terminate a rental agreement if a landlord fails to remedy "any condition which deprives the tenant of a substantial part of the benefit or enjoyment of the tenant's bargain."[15] In such an instance a tenant's recovery is limited to the greater of: (1) The difference between rent payable under the rental agreement and all expenses necessary to obtain equivalent substitute housing for the remainder of the rental term; or (2) An amount equal to 1 month's rent and the security deposit.[16]

The Landlord-Tenant Code has no provision for the recovery of rent monies paid if party stays in possession of the unit, and fails to provide written notification of deficiencies in the rental unit. The Court of Common Pleas did not err in its determination that Starling was not entitled to withhold rent, nor was she entitled to recover monies paid over the course of 15 months.

---

[13] 25 *Del. C.* § 5307.
[14] 25 *Del. C.* § 5307.
[15] 25 *Del. C.* § 5306.
[16] 25 *Del. C.* § 5306.

## Conclusion

The Court affords pro se litigants a degree of leniency in filing documents on appeal.[17] However, this Court may only consider the evidence on the record. The decision of the Court of Common Pleas is supported by substantial evidence, free from errors of law. Starling failed to prove she was entitled to either withhold rent as permitted by the Landlord-Tenant Code, or to recover the rent monies paid while she occupied the rental unit.

For the foregoing reasons, the decision of the Court of Common Pleas is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

---

[17] *Beck v. Delaware Attorney Gen.*, 180 A.3d 40 (Del. 2018) citing *Yancey v National Trust Co.*, 1998 WL 309819 (Del. 1998).