# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

LYNEZ BOND,                  )
                               )
    Appellants,         )
                               )
      v.                  )     C.A. No. N19A-03-002 FWW
                               )
                               )
SHONEIKA MOORE,       )
                               )
    Appellee.          )

Submitted: June 26, 2019
Decided: July 10, 2019

*On Appeal from the Court of Common Pleas:*

**AFFIRMED.**

## ORDER

Lynez Bond, *pro se*, 125 Ben Boulevard, Elkton, MD 21921; Appellant.

Shoneika Moore, *pro se,* 401 Robinson Street, Wilmington, DE 19801, Appellee.

**WHARTON, J.**

This 10 day of July, 2019, upon consideration of Appellant Lynez Bond's ("Bond") Opening Brief,[1] the Amended Answering Brief of Appellee Shoneika Moore ("Moore"),[2] Bond's Reply Brief,[3] and the record,[4] it appears to the Court that:

1. The underlying complaint in this appeal was for defamation and libel. At trial in the Court of Common Pleas, as on appeal in this Court, both parties appeared *pro se*. After trial, Judgment was entered in favor of the plaintiff Moore and against defendant Bond for $10,050.00 with pre and post judgment interest and costs. This appeal followed.

2. Bond lists four reasons why the judgment of the Court of Common Pleas should be reversed. They are set out below, which is also the entirety of his opening brief:

> (1) The judge asked me what did you mean by your statement in the PFA saying "broke on my neck several time" I explained to the Judge I meant necklace; his reply was, No, you said Ms. Moore broke your neck; I did not say Ms. Moore broke my neck but the judge made his ruling on that alone!

---

[1] Op. Br., D.I. 15.
[2] Amend. Ans. Br., D.I. 16. For some reason, Moore filed an Answering Brief prior to Bond's Opening Brief., D.I. 12. Both briefs are the same, however.
[3] Reply Br., D.I. 17.
[4] In response to Bond's Reply Brief, Moore has submitted a document dated July 27, 2019 described as "last answer to reply brief." No such filing is permitted under Superior Court Civil Rules, and the Court has not considered it.

(2) Ms. Moore has no evidence I caused her to miss her business trip, scheduled for 06/14/15 and 16th of 2018 she missed her trip because she filed a petition for child support, hearing date 06/18/18. Case #18-04101.

(3) Ms. Moore claims I called her Job as a DFS worker and I jeopardized her employment with no evidence to prove it! Ms. Moore claims I am the reason she was demoted from full to part time but yet presented as evidence in court on 2/11/19 her employer at the time (Harvest Christian academy) says due to Ms. Moore having only four (4) student in her daycare classroom they could no longer accommodate her full-time position.

(4) Judge said I was the reason for her being treated like a criminal! My PFA was ordered on 1/30/18 Ms. Moore was not arrested until a Maryland peace order, I had nothing to do with, for Harrassment by my fiancé, hazel Hart, was transferred to a PFA on 07/10/18. Case #18-19596[5]

3. Moore disputes each of Bond's four points. As to the first three, she argues that the trial judge had all of the information before him and drew his own conclusions from the record evidence and exhibits.[6] As to the fourth, she reargues and expands upon factual issues contested at trial.[7]

4. In reply, Bond again asserts that the trial judge was wrong to base his decision on a statement in the PFA complaint Bond brought against Moore in which he claimed that Moore broke his neck several times. Bond claims he meant to say

[5] Op. Br., D.I. 15. Typographical errors in original.
[6] Amend. Ans. Br., D.I. 17.
[7] Id.

3

that Moore broke his necklace, not his neck. Bond also introduces for the first time allegations of Moore's bad character that were not presented to the trial judge. Those allegations may not be considered for the first time on appeal.

5.     The standard of review by the Superior Court for an appeal from the Court of Common Pleas is the same standard applied by the Supreme Court to appeals from the Superior Court.[8] In addressing appeals from the Court of Common Pleas, this Court is limited to correcting errors of law and determining whether substantial evidence exists to support factual findings.[9] Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."[10] If factual findings are "sufficiently supported by the record and are the product of an orderly and logical[ly] deductive process," then they will not be challenged.[11] Questions of law are reviewed *de novo*.[12] In this appeal, Bond challenges the trial court's factual findings.

6.     The trial judge was faced with two parties who were unfamiliar with courtroom procedure, but did have a troubling familiarity with each other. That combination was not necessarily conducive to an orderly and efficient presentation

---

[8] *Robert J. Smith Co., Inc. v. Thomas*, 2001 WL 1729143 at *2 (Del. Super.).
[9] *Henry v. Nissan Motors Acceptance Corp.*, 1998 WL 961759 at *1 (Del. Super.) (citing *Shahan v. Landing*, 643 A.2d 1357, 1359 (Del. Super. 1994)).
[10] *Thomas*, 2001 WL 1729143 at *2 (citing *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 899 (Del. 1994)).
[11] *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972).
[12] *Henry*, 1998 WL 961759 at *1.

of the evidence. Nevertheless, the trial judge ultimately found that Bond defamed Moore by claiming falsely in a PFA complaint that Moore had broken Bond's next several times.[13] The evidence supports that finding.[14] In fact, Bond acknowledged that is what is wrote.[15] Due to that false statement, the trial court found that Moore suffered loss of work; underwent and paid for domestic violence and/or anger management counselling; paid an attorney to defend against the false allegations; missed a business trip; was fingerprinted twice; required hospital visits; and paid other litigation costs in Family Court.[16] Plaintiff's Exhibit 6 supports all of these findings.[17] Because the trial court's finding are "sufficiently supported by the record and are the product of an orderly and logical[ly] deductive process" this Court is not at liberty to disregard them on appeal. The Court is mindful that Bond disputes the trial court's findings. Nevertheless, he had a fair opportunity to persuade the trial judge to find in his favor. He simply failed to do so, and this Court is not in a position to change the outcome of a fair trial simply because Bond does not like the result.

THEREFORE, the decision of the Court of Common Pleas is **AFFIRMED**. **IT IS SO ORDERED.**

Ferris W. Wharton, J.

---

[13] Tr. 46-49.
[14] Tr. 33-34.
[15] Tr. 34.
[16] Tr. 48.
[17] *Id.*